ADAM BRAVERMAN
United States Attorney
DIANNE M. SCHWEINER
Assistant U.S. Attorney
Cal. State Bar No. 188013
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7654
Facsimile: (619) 546-7751
Email: dianne.schweiner@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF VALERIA TACHIQUIN ALVARADO, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JUSTIN CRAIG TACKETT, *et al.*, <br><br> Defendants. | Case No.: 13cv1202-W (JMA) <br><br> MOTION TO STRIKE PLAINTIFFS' UNAUTHORIZED 38-PAGE SUR-REPLY [ECF NO. 143] FILED IN CONNECTION WITH DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT <br><br> HRG DATE:   March 5, 2018 <br><br> CTRM:   3C (Schwartz) <br> JUDGE:   Hon. Thomas J. Whelan |

Defendant UNITED STATES respectfully submits the following motion to strike the 38-page Sur-reply that Plaintiffs' counsel filed this afternoon in connection with Defendant's pending, and fully briefed, motion for summary judgment.

## I.

## **PROCEDURAL HISTORY**

Defendant UNITED STATES filed its motion for summary judgment on December 21, 2017. (ECF No. 124). The Court originally scheduled the hearing date for the motion for February 5, 2018, giving Plaintiffs a month to oppose the motion (until

1

January 22nd). However, Plaintiffs requested a continuance of their opposition brief deadline, asking that they be allowed an additional two weeks to file their opposition on February 6th, instead of January 22nd. Defendants did not oppose Plaintiffs' request and agreed to the filing of a joint motion. (ECF No. 125). The Court subsequently granted Plaintiffs' request for additional time and therefore Plaintiffs had six weeks to research, prepare and file their opposition brief. (ECF No. 126).

On the evening their opposition was due, Plaintiffs filed a 40-page opposition brief in violation of the 25-page limit for summary judgment motions. Rather than requesting additional pages from the Court in advance, as required, and rather than alert defense counsel to their plans, Plaintiffs simply filed their 40-page opposition brief simultaneously with an Ex Parte Application to file the additional pages. Plaintiffs did the same with respect to their opposition to Defendant Justin Tackett's motion for summary judgment, i.e. file excessive pages and then seek permission from the Court after-the-fact.

On February 15, 2018, the Court issued an Order granting the additional 15-pages to Plaintiffs with respect to the motion filed by the United States, and granting Plaintiffs additional pages with respect to Justin Tackett's motion. (ECF No. 136). But the Court noted in its Order that Plaintiffs' briefs were "noncompliant" and that they "sought leave of Court to deviate from the page limits of this district on a retroactive basis." *Id.* The Court further noted that:

> Despite Judge Whelan's Chambers Rule 5(a)'s requirement that "All ex parte applications shall be accompanied by a declaration from counsel documenting (1) efforts to contact opposing counsel, (2) counsel's meet and confer efforts and (3) opposing counsel's position regarding the ex parte application[,]" no efforts at a meet-and-confer process or any informal resolution are evident from Plaintiffs' applications. *Id.*

Once again, Plaintiffs have now filed a second 38-page opposition brief, without seeking leave of Court, and without any notice or warning to defense counsel. Although defense counsel has not had a chance to fully review or digest Plaintiffs' Sur-Reply filed late this afternoon, quickly skimming the document reveals that there is nothing

contained therein that could not have been mentioned or raised in Plaintiffs' initial 40-page opposition brief. And in fact, most of the information *was* mentioned in Plaintiffs' prior brief, and is simply duplicative or repetitive (for instance, a continued re-hashing of events that occurred during Agent Tackett's tenure at Imperial County Sheriff's Department).

There were no new legal arguments and no new facts raised in Defendant's Reply brief filed earlier this week. Rather, Defendant only responded to the case law cited in Plaintiffs' initial opposition, and re-affirmed the undisputed issues raised in Defendant's moving papers. Thus, it appears that Plaintiffs are simply unhappy with the state of their initial 40-page opposition brief, and have taken the liberty of filing a new one after having the opportunity to read and review Defendant's Reply brief. This is so despite the fact that Sur-replies are not allowed without leave of court. *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270 (N.D. Cal. 2014) (court finding that "granting Plaintiff leave to file a sur-reply is not warranted....[Defendant] did not raise a new legal argument or present new evidence in its reply brief....Accordingly, Plaintiff's motion for leave to file a sur-reply is DENIED"); *Forte v. County of Merced*, 2012 U.S. Dist. LEXIS 3529, 2012 WL 94332 (E.D. Cal. 2012) (motion to file sur-reply to the reply denied as without merit); *Singh v. United States Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 2121, 2014 WL 67254 (E.D. Cal. 2014) (holding "there is no provision in the Court's Local Rules permitting Plaintiff to file a sur-reply....To the extent Plaintiff's request for leave to file contains the sur-reply he wishes the Court to consider, his request should be DENIED and the sur-reply should be STRICKEN"); *Garces v. Degadeo*, 2008 U.S. Dist. LEXIS 36603, 2008 WL 1970654, *1 (E.D. Cal. 2008) (holding because a party may not file a sur-reply without leave of court and plaintiff never obtained such leave, the Court has the authority to strike or disregard the sur-reply); *Pfitzer v. Beneficial California, Inc.*, 2010 U.S. Dist. LEXIS 82796, 2010 WL 3220122, *3 (E.D. Cal. 2010) (court striking Sur-reply reasoning that "if plaintiff wished to file a surreply . . . , it was incumbent upon her to do so in compliance with Local Rules and the Federal Rules of Civil Procedure").

Defendant notes that this is a regular pattern practiced by the Law Offices of Iredale & Yoo wherein they consistently file opposition briefs in excess of the required page limitations, along with an after-the-fact ex parte application requesting leave of court after they have already violated the rule and filed the excess pages.  This practice puts both the Court and opposing counsel in a bind each time, as the filings have already occurred, are already docketed in the record, and they require additional time and resources for the Court and counsel to respond.  Although it is evident that Plaintiffs' counsel lives by the motto that it is "easier to request forgiveness later than to ask for permission in advance," their continual disregard for the Court's rules and deadlines with respect to page limits and ex parte applications is prejudicial to the defense.

Not all motions for summary judgment warrant 80-page opposition briefs filed by Iredale & Yoo, as opposed to the normal 25-page limit, and this case is a perfect example of one that does not warrant such a response.[1]  The issues raised in the United States' motion for summary judgment are purely legal issues and an 80-page opposition is unnecessary and prejudicial.  For these reasons, Defendant moves to strike from the docket Plaintiffs' second 38-page opposition (aka Sur-reply) and requests that the Court rule on the pleadings as fully briefed earlier this week.

## II.

### WELL-ESTABLISHED AUTHORITY ALLOWS THE COURT TO STRIKE PLAINTIFFS' SUR-REPLY

Civil Local Rule 7.1(h) provides "Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of

---

[1] Plaintiffs also mislead this Court by labeling their Sur-reply as a "Notice of Supplemental Authority," even though such pleadings are meant for instances where new case law has been issued by higher-level Courts after the filing of a particular motion which directly alters the issues raised in the motion.  No new or relevant law relating to this motion has been issued by any Court since the filing of Plaintiffs' opposition brief on February 6, 2018, nor have Plaintiffs cited to any new authority in their 38-page Sur-reply.

twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." *Id*. Additionally, this Court's initial Scheduling Order in this case provided:

> Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion.  Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**. . . . The dates and times set forth herein will not be modified except for good cause shown.

*See* ECF No. 43, ¶¶ 7, 8, and 20 (emphasis in original).  *See also* ECF No. 119, ¶¶ 10 and 21, Second Scheduling Order confirming same.  Here, Plaintiffs have filed a total of 80-pages without leave of court, instead of the allotted 25-page limit.

Moreover, pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."  The Court may do so on its own, or on motion made by a party.  *Id*.  As explained above, Plaintiffs' second 38-page brief is nothing more than a second opposition brief which contains redundant material that could have been raised (or was raised) in their first opposition filed on February 6, 2018.  There is no new law issued by any Court since their first opposition brief was filed, and there are no new facts pertinent to this shooting that occurred in September 2012.  Plaintiffs' counsel's attempt to bombard opposing counsel with 38-pages of new briefing, without good cause, should be rejected.

For the foregoing reasons, Defendant respectfully requests that the Court strike ECF No. 143 from the docket in this case, and that the Court not consider this untimely, unauthorized, and prejudicial filing in connection with Defendant's pending and fully briefed motion for summary judgment.

DATED:   February 23, 2018

ADAM BRAVERMAN
United States Attorney

 *s/ Dianne M. Schweiner*
DIANNE M. SCHWEINER
Assistant United States Attorneys
Attorneys for Defendant
UNITED STATES OF AMERICA