ADAM BRAVERMAN
United States Attorney
DIANNE M. SCHWEINER
Assistant U.S. Attorney
Cal. State Bar No. 188013
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7654
Facsimile: (619) 546-7751
Email: dianne.schweiner@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF VALERIA TACHIQUIN ALVARADO, *et al.*,<br><br>               Plaintiffs,<br><br>    vs.<br><br>JUSTIN CRAIG TACKETT, *et al.*,<br><br>               Defendants. | Case No.: 13cv1202-W (JMA)<br><br>MOTION TO STRIKE PLAINTIFFS' SECOND UNAUTHORIZED SUR-REPLY [ECF NO. 146] FILED IN CONNECTION WITH DEFENDANT UNITED STATES' MOTION FOR SUMMARY JUDGMENT<br><br>HRG DATE:   March 5, 2018<br><br>CTRM:    3C (Schwartz)<br>JUDGE:   Hon. Thomas J. Whelan |

      Defendant UNITED STATES respectfully moves to strike Plaintiffs' second Sur-reply filed today in connection with Defendant's pending, and fully briefed, motion for summary judgment.

## I.

## PROCEDURAL HISTORY

      Defendant UNITED STATES filed its motion for summary judgment on December 21, 2017.  (ECF No. 124)  The Court originally scheduled the hearing date for the motion for February 5, 2018, giving Plaintiffs a month to oppose the motion (until January 22nd).

1

However, Plaintiffs requested a continuance of their opposition brief deadline, asking that they be allowed an additional two weeks to file their opposition on February 6th, instead of January 22nd. Defendants did not oppose Plaintiffs' request and agreed to the filing of a joint motion. (ECF No. 125). The Court subsequently granted Plaintiffs' request for additional time and therefore Plaintiffs had six weeks to research, prepare and file their opposition brief. (ECF No. 126).

On the evening their opposition was due, Plaintiffs filed a 40-page opposition brief in violation of the 25-page limit for summary judgment motions. Rather than requesting additional pages from the Court in advance, as required, and rather than alert defense counsel to their plans, Plaintiffs simply filed their 40-page opposition brief simultaneously with an Ex Parte Application to file the additional pages. Plaintiffs did the same with respect to their opposition to Defendant Justin Tackett's motion for summary judgment, i.e. file excessive pages and then seek permission from the Court after-the-fact.

On February 15, 2018, the Court issued an Order granting the additional 15-pages to Plaintiffs with respect to the motion filed by the United States, and granting Plaintiffs additional pages with respect to Justin Tackett's motion. (ECF No. 136). But the Court noted in its Order that Plaintiffs' briefs were "noncompliant" and that they "sought leave of Court to deviate from the page limits of this district on a retroactive basis." *Id.* The Court further noted that:

> Despite Judge Whelan's Chambers Rule 5(a)'s requirement that "All ex parte applications shall be accompanied by a declaration from counsel documenting (1) efforts to contact opposing counsel, (2) counsel's meet and confer efforts and (3) opposing counsel's position regarding the ex parte application[,]" no efforts at a meet-and-confer process or any informal resolution are evident from Plaintiffs' applications. *Id.*

On February 23, 2018, Plaintiffs filed a 38-page Sur-Reply (ECF No. 143), without seeking leave of Court, and without any notice or warning to defense counsel. Defense counsel filed a Motion to Strike that document, and Plaintiffs' counsel subsequently withdrew it and filed another Sur-Reply instead. As with the first Sur-Reply, there is nothing contained in Plaintiffs' brief filed today that could not have been cited or raised in

2

Plaintiffs' initial 40-page opposition brief.  The cases cited in Plaintiffs' latest Sur-Reply were issued between 1952 and 1992, and do not constitute new authority.[1]

Sur-replies are not allowed without leave of court.  *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270 (N.D. Cal. 2014) (court finding that "granting Plaintiff leave to file a sur-reply is not warranted....[Defendant] did not raise a new legal argument or present new evidence in its reply brief....Accordingly, Plaintiff's motion for leave to file a sur-reply is DENIED"); *Forte v. County of Merced*, 2012 U.S. Dist. LEXIS 3529, 2012 WL 94332 (E.D. Cal. 2012) (motion to file sur-reply to the reply denied as without merit); *Singh v. United States Dep't of Homeland Sec.*, 2014 U.S. Dist. LEXIS 2121, 2014 WL 67254 (E.D. Cal. 2014) (holding "there is no provision in the Court's Local Rules permitting Plaintiff to file a sur-reply....To the extent Plaintiff's request for leave to file contains the sur-reply he wishes the Court to consider, his request should be DENIED and the sur-reply should be STRICKEN"); *Garces v. Degadeo*, 2008 U.S. Dist. LEXIS 36603, 2008 WL 1970654, *1 (E.D. Cal. 2008) (holding because a party may not file a sur-reply without leave of court and plaintiff never obtained such leave, the Court has the authority to strike or disregard the sur-reply); *Pfitzer v. Beneficial California, Inc.*, 2010 U.S. Dist. LEXIS 82796, 2010 WL 3220122, *3 (E.D. Cal. 2010) (court striking Sur-reply reasoning that "if plaintiff wished to file a surreply . . . , it was incumbent upon her to do so in compliance with Local Rules and the Federal Rules of Civil Procedure").

Defendant notes that this is a regular pattern practiced by the Law Offices of Iredale & Yoo wherein they consistently file opposition briefs in excess of the required page limitations, along with an after-the-fact ex parte application requesting leave of court after they have already violated the rule and filed the excess pages.  This practice puts both the

---

[1] Plaintiffs also mislead this Court by labeling their Sur-reply as a "Notice of Supplemental Authority," even though such pleadings are meant for instances where new case law has been issued by higher-level Courts after the filing of a particular motion which directly alters the issues raised in the motion.  No new or relevant law relating to this motion has been issued by any Court since the filing of Plaintiffs' opposition brief on February 6, 2018, nor have Plaintiffs cited to any new authority in either of their Sur-replies.

Court and opposing counsel in a bind each time, as the filings have already occurred, are already docketed in the record, and they require additional time and resources for the Court and counsel to respond. Although it is evident that Plaintiffs' counsel lives by the motto that it is "easier to request forgiveness later than to ask for permission in advance," their continual disregard for the Court's rules and deadlines with respect to page limits and ex parte applications is prejudicial to the defense. For these reasons, Defendant moves to strike from the docket Plaintiffs' second Sur-reply (ECF No. 146) and requests that the Court rule on the pleadings as fully briefed earlier last week.

## II.

### WELL-ESTABLISHED AUTHORITY ALLOWS THE COURT TO STRIKE PLAINTIFFS' SUR-REPLY

Civil Local Rule 7.1(h) provides "Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." *Id*. Additionally, this Court's initial Scheduling Order in this case provided:

> Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court**. . . . The dates and times set forth herein will not be modified except for good cause shown.

*See* ECF No. 43, ¶¶ 7, 8, and 20 (emphasis in original). *See also* ECF No. 119, ¶¶ 10 and 21, Second Scheduling Order confirming same.

Moreover, pursuant to Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." The Court may do so on its own, or on motion made by a party. *Id*. Plaintiffs' Sur-reply filed today is nothing more than an additional opposition brief which contains redundant material that could have been raised (or was raised) in their first opposition filed on February 6, 2018. There is no new law issued by any Court since their first opposition brief was filed, and there are no new facts pertinent to this shooting that occurred in

4

September 2012.

For the foregoing reasons, Defendant respectfully requests that the Court strike ECF No. 146 from the docket in this case, and that the Court not consider this untimely, unauthorized, and prejudicial filing in connection with Defendant's pending and fully briefed motion for summary judgment.

DATED:      February 26, 2018                    ADAM BRAVERMAN
                                                 United States Attorney

                                                  *s/ Dianne M. Schweiner*
                                                 DIANNE M. SCHWEINER
                                                 Assistant United States Attorneys
                                                 Attorneys for Defendant
                                                 UNITED STATES OF AMERICA

13cv1202-W (JMA)