EUGENE G. IREDALE: SBN 75292
JULIA YOO: SBN 231163
GRACE JUN: SBN 287973
IREDALE & YOO, APC
105 West F Street, Fourth Floor
San Diego, CA 92101-6036
TEL: (619) 233-1525   FAX: (619) 233-3221

Attorneys for Plaintiffs Estate of Valeria Tachiquin Alvarado *et al*.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (Hon. Thomas J. Whelan)

| | |
|---|---|
| THE ESTATE OF VALERIA TACHIQUIN ALVARADO by its personal representative, GILBERT ALVARADO; GILBERT ALVARADO in his own right; ELIAS MARTINEZ; ISRAEL ALVARADO and ANALYA ALVARADO through their guardian *ad litem,* GILBERT ALVARADO; ISAAC ALVARADO and REBECCA ALVARADO, through their guardian *ad litem*, VALENTIN TACHIQUIN; VALENTIN TACHIQUIN in his own right; and ANABEL GOMEZ,<br><br>      Plaintiffs,<br><br>v.<br><br>JUSTIN CRAIG TACKETT and UNITED STATES OF AMERICA,<br><br>      Defendants. | CASE NO. 13-CV-1202-W JMA<br><br>**PLAINTIFFS' OPPOSITION TO UNITED STATES' MOTION TO STRIKE PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiffs Estate of Valeria Tachiquin Alvarado *et al*., by and through their counsel of record, submit the following opposition to the United States' motion to strike Plaintiffs' notice of supplemental authority (doc. 147).

## **BACKGROUND AND PROCEDURAL HISTORY**

In their opposition to the United States' motion for summary judgment, Plaintiffs contended the discretionary function exception (DFE) did not extinguish their fifteenth cause of action for negligent screen and hire under the FTCA because CBP's own internal hiring policy had adopted Part 731 of Title 5 of the Code of Federal Regulations. This compelled CBP officials to follow the mandatory requirement of 5 C.F.R. § 731.103(a) and refer Tackett's employment application to OPM. Plaintiffs cited as evidence in support of their argument the following: the 2006 CBP Handbook (Pla. Exh. 8); the United States' responses to Requests for Production, including the declaration of CBP official Jerry Tavenner (Pla. Exh. 9); and the 2006 Suitability Evaluation Sheet for Justin Tackett (Pla. Exh. 7).

Despite submitting evidence of CBP's mandatory policy requiring referral to OPM in cases of material dishonesty, the United States, in its Reply, claimed Plaintiffs had failed to meet their "burden" of disproving the applicability of the discretionary function exception: "[i]n order to avoid the government's clear sovereign immunity under the discretionary function exception, it is Plaintiffs' burden to establish a 'mandatory and specific policy' that required Stephanie Shavatt to refer Agent Tackett's excepted service application to OPM." (USA Reply, doc. 138, at 5: 3 – 6). The United States went on to argue: "[b]ut the only way in which Plaintiffs will be able to proceed on a theory she [Shavatt] 'negligently hired' Agent Tackett is if they demonstrate she failed to follow some 'specific and mandatory policy' within CBP which required her to deny his suitability. Plaintiffs have provided no evidence of such a policy, because it does not exist." The United States thus placed the burden on Plaintiffs to prove a

negative – notwithstanding the CBP policy Plaintiffs had already produced and cited in its opposition, Plaintiffs had to further prove that *no other* policy existed which imposed the mandatory requirements of 5 C.F.R. § 731.103(a) to this case.

The Government's attempt to require Plaintiffs to disprove the applicability of the discretionary function exception is contrary to controlling Ninth Circuit authority. This prompted Plaintiffs to file a notice of supplemental authority on February 26, 2018 (doc. 146). Counsel submitted for the Court's consideration the Ninth Circuit's opinion in *Prescott v. United States*, 973 F.2d 696, 702 (9th Cir. 1992). There, the Ninth Circuit considered the question of which party bore the burden of proving, or disproving, the applicability of the discretionary function exception. *Id*. at 701. The *Prescott* court explained that "[i]f the plaintiffs bear the burden of disproving the applicability of the discretionary function exception, then the government would be entitled to summary judgment if plaintiffs fail to come forth with sufficient evidence to establish that there are genuine issues of material fact on the discretionary function issue." *Id*. The Ninth Circuit held, however, that the discretionary function exception is akin to an affirmative defense and, thus, the United States bears the burden of proving the applicability of the discretionary function exception. *Id*. at 702. Because the United States bears the burden of proving the applicability of the DFE, it is only entitled to summary judgment if it has "adduced sufficient evidence to establish that no genuine issues of material fact remain for trial with respect to the discretionary function exception." *Id*. at 701.

## ARGUMENT
**Ethical Obligations and the Duty of Candor to the Court Permit the Submission of Notices of Relevant and Supplemental Authority.**

Plaintiffs submitted their notice of supplemental authority to address a misstatement of law made by the United States regarding the appropriate burden of proof for United States' DFE argument on summary judgment. Yet, the United States moves to strike Plaintiffs' notice of supplemental authority as "redundant"

because "[t]here is no new law issued by any Court since their first opposition brief was filed, and there are no new facts pertinent to this shooting that occurred in September 2012." (USA Mot. 4:27 – 5:1). According to the United States, notices of supplemental authority "are meant for instances where new case law has been issued by higher-level Courts after the filing of a particular motion which directly alters the issues raised in the motion." (*Id*. p. 3, fn. 1). But the duty of candor imposes an obligation on all attorneys in the Southern District to correct any misstatements of law and to provide the court with all relevant authority to aid the court in resolving legal argument. Pursuant to her ethical obligation and duty of candor, Plaintiffs' counsel submitted a notice of supplemental authority to provide the Court with relevant authority for consideration in resolving the pending motion for summary judgment by the United States.

Local Civil Rule 83.4(b) adopts the standards of professional conduct for the State Bar of California as the standard for members admitted to practice before the Southern District of California.[1] California standards of professional conduct impose upon attorneys, as officers of the court, a duty of candor. California Rules of Professional Conduct (CRPC) Rule 5-200 states a member of the State Bar "[s]hall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law". California Business and Professions Code § 6068(d) imposes the duty upon all attorneys "[t]o employ, for the purpose of maintaining the causes confided to him or her those means only as are consistent with truth, and never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law." Bus. & Prof. Code § 6068 "unqualifiedly [requires] an

---

[1] The United States' criticizes Plaintiffs counsel personally by stating, "[a]lthough it is evident that Plaintiffs' counsel lives by the motto that it is 'easier to request forgiveness later than to ask for permission in advance,' their continual disregard for the Court's rules and deadlines with respect to page limits and ex parte applications is prejudicial to the defense." (USA Mot. 4:3-6). Though the United States claims prejudice, it filed no opposition, and stated no objection, to Plaintiffs' *ex parte* application to file an oversized brief in opposition to summary judgment.

attorney to refrain from acts which mislead or deceive the court." *Di Sabatino v. The State Bar*, 27 Cal. 3d 159, 162 (Cal. 1980) (internal citation omitted).

ABA Model Rules of Professional Conduct 3.3 ("Candor Toward the Tribunal") imposes a similar obligation of candor upon all attorneys. Rule 3.3(a) states a lawyer "shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer; (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . ." Comment 4 to Rule 3.3 ("Legal Argument") explains the duty of candor as it applies to legal arguments as follows: "A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities. . . . an advocate has a duty to disclose directly adverse authority in the controlling jurisdiction that has not been disclosed by the opposing party. The underlying concept is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case."

The United States' attempt to limit the circumstances in which counsel may alert the Court of relevant and dispositive authority is contrary to the ongoing duty of candor of all counsel to this Court. "A lawyer should not be able to proceed with impunity in real or feigned ignorance of authorities which render his argument meritless." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir. 1981), *superseded by statute on other grounds*. Plaintiffs cited *Prescott*, 973 F.2d at 701-02, to make clear it was the United States' burden to present "sufficient evidence to establish that no genuine issues of material fact remain for trial with respect to the discretionary function exception." *Id*. at 701.

Moreover, citations of supplemental authority permit counsel to fulfill their obligation to ensure that all relevant facts and pertinent, controlling authority are properly before the Court to aid the Court's determination of pending matters. *See*

*Greenlaw v. United States*, 554 U.S. 237, 243 (2008) ("In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."). In appellate procedure, Fed. R. App. P. 28(j), permitting submission of supplemental authority that comes to a "party's attention after the party's brief has been filed—or after oral argument but before decision," does not limit citations to new or intervening authority. *See e.g. Cunico v. Pueblo Sch. Dist. No. 60*, 917 F.2d 431, 434 n.1 (10th Cir. 1990) (declining to strike appellee-plaintiff's citation of supplemental authority because language of Rule 28(j) "does not require that the supplemental authority be unavailable at the time of the briefing, and we decline to limit the permissible reasons for which an additional authority may come to counsel's attention.").

Because *Prescott*, 973 F.2d at 701-02, is controlling authority as to the United States' DFE claim on summary judgment, Plaintiffs citation to the case is not "redundant, immaterial, impertinent, or scandalous." The United States' motion to strike is without merit and Plaintiffs respectfully request the Court deny the Government's motion.

|  |  |
|---|---|
| DATED: February 27, 2018 | Respectfully submitted,<br>IREDALE & YOO<br><br>*s/ Grace Jun*<br>Eugene G. Iredale<br>Julia Yoo<br>Grace Jun<br>Attorney for Plaintiffs<br>Estate of Valeria Tachiquin Alvarado *et al.* |