# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF VALERIA TACHIQUIN ALVARADO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JUSTIN TACKETT, et al.,<br><br>Defendants. | Case No.: 13-CV-1202 W (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S FIRST SUR-REPLY [DOC. 144]; AND**<br><br>**(2) DENYING DEFENDANT'S EX PARTE APPLICATION TO STRIKE PLAINTIFF'S SECOND SUR-REPLY [DOC. 147]** |

Pending before the Court are two ex parte applications filed by the United States to strike two sur-replies, both filed by Plaintiffs without leave of Court—each labeled as a "Notice of Supplemental Authority." [Docs. 144, 147.] Plaintiffs have withdrawn the first sur-reply and have not opposed the application to strike it. They have opposed the application to strike the second sur-reply. [Doc. 148.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** the ex parte application to strike the first sur-reply and **DENIES** the ex parte application to strike the second.

1

## I. BACKGROUND

On February 23, 2018, Plaintiffs filed their first sur-reply to the United States' pending motion for summary judgment without seeking leave of Court. (*Pls.' First Sur-reply* [Doc. 143].) Plaintiffs styled this 37-page document as a "Notice of Supplemental Authority," but it offered substantive argument on the issues before the Court in Defendant's fully briefed motion. The United States applied ex parte to strike the first sur-reply.[1] On Monday, February 26, 2018, Plaintiffs withdrew the first sur-reply, representing that an administrative error had caused its filing. (*Notice of Withdrawal* [Doc. 145].) The application to strike it remains pending. Plaintiffs have not opposed.

On February 26, 2018, Plaintiffs filed a second sur-reply without seeking leave of Court, also styled as a notice, this one only two pages. (*Pls.' Second Sur-reply* [Doc. 146].) Defendant applies ex parte to strike this document.[2] (*Def.'s Second App. to Strike* [Doc. 147].) Plaintiffs oppose. (*Pls.' Opp'n* [Doc. 148].)

## II. LEGAL STANDARD

The Local Rules in this District do not authorize the filing of a sur-reply. District courts have the discretion to either permit or preclude the filing of a sur-reply. See, e.g., Johnson v. Wennes, No. 08-CV-1798-L (JMA), 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009) (Lorenz, J.). Such discretion " 'should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.' " Hill v. England, 2005 WL 3031136, at

---

[1] Defendant captioned this filing as a motion. As it was filed without a hearing date, the Court interprets it as an ex parte application. The Court notes that it lacks the meet and confer declaration required by Judge Whelan's Chambers Rule 5(a).

[2] Again, Defendant captioned its filing as a motion. It had not obtained a hearing date, so the Court interprets the document as an ex parte application.

*1 (E.D. Cal. Nov. 8, 2005) (quoting Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)).

### III. DISCUSSION

#### A. The Application to Strike the First Sur-reply will be Granted.

Plaintiffs do not oppose Defendant's application to strike the first sur-reply, which has been withdrawn. The application is not moot, as the document itself remains on the docket unless stricken. Because the sur-reply has been withdrawn, the Court will not consider it and it is redundant. See Fed. R. Civ. P. 12(f). The first application to strike will be granted.

#### B. The Application to Strike the Second Sur-reply will be Denied.

Plaintiffs oppose the application to strike the second sur-reply, arguing that it references potentially relevant Ninth Circuit precedent. (*Opp'n to App. to Strike* [Doc. 148].) Rule 12(f) authorizes the Court to strike "an insufficient defense" or "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The second sur-reply is not an insufficient defense, and it is not redundant, immaterial, or scandalous. See Fed. R. Civ. P. 12(f). As the two-page document brings to the Court's attention binding Ninth Circuit authority potentially applicable to a pending issue, it should not be stricken as impertinent. See *Motion to Strike—Redundant, Immaterial, Impertinent, or Scandalous Matter*, 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2107). Defendant's application to strike the second sur-reply will be denied. See Fed. R. Civ. P. 12(f).

//
//
//
//
//

## IV. CONCLUSION & ORDER

Defendant's ex parte application to strike Plaintiffs' first sur-reply is **GRANTED**. [Doc. 144.]

Defendant's ex parte application to strike Plaintiffs' second sur-reply is **DENIED**. [Doc. 147.]

**IT IS SO ORDERED.**

Dated: March 2, 2018

Hon. Thomas J. Whelan
United States District Judge