UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF VALERIA TACHIQUIN ALVARADO, et al., <br><br>Plaintiffs, <br><br>v. <br><br>JUSTIN TACKETT, et al., <br><br>Defendants. | Case No.: 13cv1202-LL <br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED EX PARTE PETITION TO CONFIRM MINOR'S COMPROMISE** <br><br>**[ECF No. 200]** |

Currently pending before the Court is Plaintiffs' "Ex Parte Petition for Order Approving Settlement Involving Minors and Distribution of Settlement Funds" ("Petition" or "Pet."). ECF No. 200. Plaintiffs request that the Court confirm the proposed settlement entered into on behalf of Israel Alvarado, Analya Alvarado, Isaac Alvarado, and Rebecca Alvarado (the "Minor Plaintiffs"). Id. at 2. The Minor Plaintiffs Israel Alvarado and Analya Alvarado are represented by Gilbert Alvarado, their guardian *ad litem*. The Minor Plaintiffs Isaac Alvarado and Rebecca Alvarado are represented by Valentin Tachiquin, their guardian *ad litem*.

Based upon the Court's review of the papers and for the reasons set forth below, the Court **GRANTS** the Petition.

///

## BACKGROUND

This instant action arises from a fatal confrontation between Border Patrol Agents and Decedent Valeria Tachiquin Alvarado. Plaintiffs are Decedent's estate, spouse, children, and parents.

On May 20, 2013, Plaintiffs filed a Complaint against Defendants United States of America ("United States") and Justin Tackett ("Tackett"). ECF No. 1. On October 1, 2013, Plaintiff filed a First Amended Complaint against Defendants United States and Tackett asserting five causes of action under Bivens v. Six Unknown Federal Narcotic Agents, 403 U.S. 388 (1971) ("Bivens"), and four causes of action under the Federal Tort Claims Act ("FTCA"). ECF No. 16. Specifically, Plaintiffs asserted claims for: (1) excessive force under Bivens; (2) wrongful death under Bivens; (3) deprivation of the right of association under Bivens; (4) failure to properly screen and hire under Bivens; (5) failure to supervise and discipline under Bivens; (6) wrongful death pursuant to the FTCA; (7) assault and battery pursuant to the FTCA; (8) negligence pursuant to the FTCA; and (9) excessive force pursuant to the FTCA. Id.

On January 16, 2014, the Court: (1) denied the United States' motion to dismiss Plaintiff's second, fourth, and fifth claims in their entirety; (2) granted the United States' request to dismiss Plaintiff's sixth, seventh, eighth, and ninth claims against Defendant Tackett; and (3) denied the United States' request to dismiss Plaintiff's ninth claim against the United States. ECF No. 33.

On August 1, 2014, Plaintiffs filed a Second Amended Complaint against Defendants United States, Tackett, Alex Roozen ("Roozen"), and Stephanie Shavatt ("Shavatt") asserting nine causes of action under Bivens and nine causes of action under the FTCA. ECF No. 50. Specifically, Plaintiffs asserted claims for: (1) unlawful stop under Bivens; (2) illegal detention under Bivens; (3) illegal arrest under Bivens; (4) excessive force under Bivens: (5) unlawful seizure under Bivens; (6) illegal use of deadly force under Bivens; (7) wrongful death under Bivens; (8) deprivation of the right of association under Bivens; (9) failure to properly screen and hire under Bivens; (10) assault pursuant to the

FTCA; (11)-(13) three causes of action for battery under the FTCA; (14) negligence pursuant to the FTCA; (15) negligent screening and hiring pursuant to the FTCA; (16) false imprisonment pursuant to the FTCA; (17) wrongful death pursuant to the FTCA; and (18) violation of Cal. Civ. Code § 52.1 pursuant to the FTCA. Id.

On November 6, 2014, Defendant Roozen filed a Motion to Dismiss for Failure to State a Claim. ECF No. 63. On the same day, Defendant Shavatt separately filed an Amended Motion to Dismiss for Failure to State a Claim. ECF No. 64. On April 27, 2015, the Court granted Defendant Roozen's motion and denied Defendant Shavatt's motion. ECF No. 103. On April 17, 2017, the United States Court of Appeals for the Ninth Circuit reversed the Court's decision as to Defendant Shavatt and remanded for entry of judgment as to Defendant Shavatt's claims on the grounds of qualified immunity. ECF No. 115. On August 24, 2017, the Court dismissed all claims against Defendant Shavatt per the Ninth Circuit's mandate. ECF No. 120.

On January 14, 2015, the United States moved to dismiss Plaintiffs' fifteenth cause of action against it. ECF No. 76. The Court denied the motion on May 14, 2015. ECF No. 107.

On December 18, 2017, Defendant Tackett moved for summary judgment. See ECF No. 122. On December 21, 2017, Defendant United States of America joined in Defendant Tackett's motion [ECF No. 123] and filed its own Motion for Summary Judgment [ECF No. 124]. At this juncture: (1) claims 1-8, 10-14, 16-18 against Defendant Tackett; (2) claims 10-18 against Defendant United States; and (3) claims 10, 11, 14 and 16 against Defendant Roozen remained in the case. ECF No. 155 at 8.

On June 4, 2018, the Court granted Defendant Tackett's motions as to claims 1-8 (the Bivens claims), granted Defendant United States' motion as to claim 15 (negligent hiring), and denied the remainder of Defendants' motions. Id. at 21.

On June 6, 2018, the Court confirmed the substitution of Defendant United States as to Plaintiffs' state law claims against Defendant Tackett pursuant to 28 U.S.C. § 2679(d)(1) and terminated the action as to Defendant Tackett. ECF No. 158. On July 2, 2018, the Court

3

confirmed the substitution of Defendant United States as to Plaintiffs' state law claims against Defendants Roozen and Shavatt pursuant to 28 U.S.C. § 2679(d)(1) and terminated the action as to Defendants Roozen and Shavatt. ECF No. 163.

Plaintiffs presently maintain the following causes of action against Defendant United States: (10) assault pursuant to the FTCA; (11)-(13) three causes of action for battery under the FTCA; (14) negligence pursuant to the FTCA; (16) false imprisonment pursuant to the FTCA; (17) wrongful death pursuant to the FTCA; and (18) violation of Cal. Civ. Code § 52.1 pursuant to the FTCA.

On August 23, 2019, Plaintiffs filed the instant ex parte application. ECF No. 200. On August 30, 2019, the Honorable Gonzalo P. Curiel referred the settlement of this action to the undersigned Magistrate Judge pursuant to the signed consent of all Parties and their counsel. ECF No. 201.

## **TERMS OF THE PROPOSED SETTLEMENT**

The proposed settlement provides that the United States will pay Plaintiffs a gross settlement of $500,000. Pet. at 6. The named Plaintiffs will evenly split the gross settlement and receive $83,333.00 before fees and costs representing 16.66% of the gross recovery. Id. Plaintiffs request the Court approve attorneys' fees of 25% of the gross settlement in the amount of $125,000 and costs in the amount of $45,000. Id. at 7. Attorneys' fees and costs will be evenly deducted from each named Plaintiff in the amount of $20,833.00 (fees) and $7,500 (costs) resulting in a net settlement amount of $55,000. Id. at 6-7.

## **ANALYSIS**

### **I.  Proposed Settlement**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011).

///

///

This District's Local Civil Rule 17.1 addresses settlement for minors and provides in pertinent part:

> **Order of Judgment Required.** No action by or on behalf of a minor or incompetent, or in which a minor or incompetent has an interest, will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue. The parties may, with district judge approval[,] consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c) for entry of an order approving the entire settlement or compromise.

With respect to proposed settlements in lawsuits involving minor plaintiffs, this special duty requires district courts to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." Dacanay v. Mendoza, 573 F.2d 1075, 1080 (9th Cir. 1978); see also Salmeron v. United States, 724 F.2d 1357, 1363 (9th Cir. 1983).

Ordinarily, "in considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." Lobaton v. City of San Diego, No. 3:15-cv-1416-GPC-DHB, 2017 U.S. Dist. LEXIS 93290, at *5 (S.D. Cal. June 16, 2017) (internal quotation marks and citation omitted). Under California state law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor. Espericueta v. Shewry, 164 Cal. App. 4th 615, 619-20 (2008). The Court has "broad power" to "authorize payment form the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." Goldberg v. Superior Court, 23 Cal. App. 4th 1378, 1382 (1994).

In Robidoux v. Rosengren, the Ninth Circuit held that the typical practice of applying state law in determining the reasonableness of a settlement involving minors "places undue emphasis on the amount of attorney's fees provided for in settlement, instead of focusing on the net recovery of the minor plaintiffs[.]" 638 F.3d at 1181. The Robidoux

5

Court, which expressly limited its decision to "cases involving the settlement of a minor's federal claims" held that district courts should "review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." Id. at 1179 n.2, 1181-82.

Plaintiff's only remaining claims are state law claims over which the Court has jurisdiction pursuant to the FTCA. Because FTCA claims are governed by substantive state law, approval of their settlement may be governed by state law rather than be limited by Robidoux. See A. M. L. v. Cernaianu, No. LA CV12-06082 JAK (RZx), 2014 U.S. Dist. LEXIS 197216, at *8-9 (C.D. Cal. Apr. 1, 2014) (collecting cases). In this case however, it is not necessary for the Court to resolve the question of whether Robidoux or state rules apply. The outcome is the same. See id. at *9-11 (unnecessary for court to resolve whether Robidoux or state rules applied to approval of Minor's Compromise in case involving state tort law claims under the FTCA where proposed settlement would satisfy both standards).

This action commenced in May 3, 2013. ECF No. 1. The case has been thoroughly developed over the course of the litigation. The proposed settlement allows for the certainty of recovery for the Minor Plaintiffs, as opposed to the uncertainty associated with a jury verdict. In addition, the Court has performed its own review of cases involving facts similar to those at issue here and finds the Minor Plaintiffs' net recovery of $55,000 to be fair and reasonable under the circumstances. See e.g., Napier v. San Diego Cty., No. 3:15-cv-00581-CAB-KSC, 2017 U.S. Dist. LEXIS 196223, at *6-8 (S.D. Cal. Nov. 28, 2017) (finding net recovery of $41,125.00 for minor's claim for alleged wrongful death of father during attempted arrest to be fair and reasonable); Doe v. Gill, No. C 11-4759 CW, 2012 U.S. Dist. LEXIS 74250, at *4, 6 (N.D. Cal. May 29, 2012) (finding net recovery of $7,188.85 for minor's claim for alleged wrongful death of mother in altercation with police officers fair and reasonable); Swayzer v. City of San Jose, No. C10-03119 HRL, 2011 U.S. Dist. LEXIS 86659, at *2 (N.D. Cal. Aug. 5, 2011) (finding net recovery of $2,054.17 for

minor's claim against city for alleged wrongful death of parent during arrest to be fair and reasonable).

Based upon a consideration of the facts, Plaintiffs' remaining claims, the risks associated with trial, and the recoveries in similar actions, the Court concludes the proposed settlement is fair and reasonable under both California and federal law standards.

## II. Method of Disbursement

Under California Probate Code section 3600 *et. seq.*, courts can use a wide variety of methods for the disbursement of settlement funds to a minor. Here, Plaintiffs' Petition requests that the Minor Plaintiffs' net settlement be used to purchase a structured settlement annuity through Manny Valdez, a Certified Structured Settlement Consultant with Ringler and Associates. Pet. at 11.

The Court has considered the structured annuity quotes provided by Ringler and Associates and the methods of disbursements chosen by the Minor Plaintiffs' guardians *ad litem*. Id. at Exs. D-004, E-004, F-004, G-005. Each of the methods provides that the balance of settlement be placed in an account with disbursements to be made when the Minor Plaintiffs reach the age of eighteen over a period of years. The terms of the annuity adequately protect the Minor Plaintiffs by providing that the bulk of the settlement be released after they have reached the age of majority. The Court finds that the methods of disbursements appear to be fair, reasonable, and within the bounds of applicable law. See Cal. Prob. Code § 3602(c)(1) (providing as option that funds be deposited into a deferred annuity).

## III. Attorneys' Fees and Costs

Attorneys fees to be paid for representing the Minor Plaintiffs must also be approved by the Court. Cal. Fam. Code § 6602. Plaintiffs' Petition requests that the Court approve attorneys' fees in the amount of $125,000 representing 25% of the gross settlement amount and costs in the amount of $45,000. Pet. at 7, 10-11.

The Court finds Plaintiffs' request for attorneys' fees in the amount of 25% of the gross settlement to be permitted under the FTCA and commensurate with historical limits.

7

See 28 U.S.C. § 2678; Napier, 2017 U.S. Dist. LEXIS 196223, at *9 ("Generally, fees in minors cases have historically been limited to 25% of the gross recovery."). Given the duration of this case, its complexity, the amount of work performed by Plaintiffs' counsel, and the fee requests' adherence to both the FTCA's limits and the historically applied 25-percent limit applied in cases involving minors, the Court finds that the requested amount of attorneys' fees is reasonable.

The Court also finds Plaintiffs' request for costs in the amount of $45,000 to be fair and reasonable under the circumstances. Here, Plaintiffs' counsel provided a declaration and log setting forth costs accrued by Plaintiffs' counsel for the past seven years totaling $58,699.95 for: (1) experts; (2) court costs; (3) legal research; (4) copying in-house; (5) copying outside services; (6) court reporters; (7) a private investigator; (8) discovery; (9) service of process; (10) postage; and (11) travel. See Pet. at Ex. A, Decl. of J. Yoo at ¶ 3, Ex. B. Plaintiffs then reduced these costs to $45,000. The Court finds this to be reasonable under the circumstances.

## **CONCLUSION**

Based on the above foregoing, the Court **HEREBY ORDERS** that:

1. The Petition to Approve the Minor's Compromise is **GRANTED**.
2. Defendant shall prepare and deliver the settlement fund proceeds.
3. The settlement funds should be disbursed as follows: attorney's fees in the amount of $125,000 and costs in the amount of $45,000 shall be paid to Plaintiffs' counsel. The balance of the settlement will be equally distributed to each of the named Plaintiffs.
4. The amount of $55,000 designated for each of the Minor Plaintiffs shall be invested into a structured settlement annuity comporting with the options selected by each of the Minor Plaintiffs' guardians *ad litem* for the benefit of the Minor Plaintiffs. The funds will be held in the structured annuity until the Minor Plaintiffs reach the age of eighteen and then be disbursed based on the proposals selected by the guardians *ad litem*. Until that time, no withdrawals may be made from the structured annuity without a written order from this Court.

8

13cv1202-LL

5. By **October 21, 2019**, Plaintiffs' counsel shall file under seal proof of funding to the Court of the above referenced annuities.

6. The Court retains jurisdiction until **March 20, 2020** for the purpose of taking any action required to enforce the terms of the Parties' Settlement Agreement and this Order.

The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

Dated: September 20, 2019

Honorable Linda Lopez
United States Magistrate Judge